IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID RAY DEATON, ID # 119268,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-2099-P-BH |
| | ) | |
| **TEXAS DEPARTMENT OF** | ) | |
| **CORRECTIONS, et. al,** | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Plaintiff, an inmate currently incarcerated in the Collin County Detention Facility, filed this civil action and an *in forma pauperis* affidavit in the Eastern District of Texas on November 2, 2009. On November 4, 2009, the action was transferred to this district. By Notice of Deficiency and Order dated November 6, 2009, the Court notified Plaintiff that his affidavit was unsigned and provided him with a form motion. The notice granted him thirty days to file a properly signed motion and expressly warned that the failure to do so could result in the dismissal of this action pursuant to Fed. R. Civ. P. 41(b). As of this date, Plaintiff has still not filed a properly signed motion to proceed *in forma pauperis*.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control

its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with an order that he submit a properly signed motion to proceed *in forma pauperis*. This lack of action shows that he does not intend to proceed with this case, so the Court should dismiss it.

### III.  RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 30th day of December, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE